**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4153**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

ASHONTA BUSH, a/k/a Chubby, a/k/a Chubs,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (2:08-cr-00017-FL-1)

Submitted:  April 30, 2010           Decided:  June 22, 2010

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Walter A. Schmidlin, III, STEWART & SCHMIDLIN, PLLC, Smithfield, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashonta Bush pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute fifty grams of cocaine base and more than five hundred grams of cocaine, in violation of 21 U.S.C. § 846 (2006). According to the terms of Bush's plea agreement, Bush and the Government agreed that the relevant, provable quantities of controlled substances to be used in calculating Bush's base offense level were not more than four kilograms of cocaine and not more than four kilograms of cocaine base. At sentencing, the district court determined Bush was a career offender and that he had an advisory guidelines range of 240 to 293 months' imprisonment. The district court then sentenced Bush to the statutory mandatory minimum sentence of 240 months' imprisonment. Bush timely noted his appeal.

On appeal, Bush has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[*] The sole issue in Bush's Anders brief is whether a violation of N.C.G.S. § 20-141.5, Speeding to Elude Arrest, qualifies as a predicate offense for purposes of the U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 Career Offender enhancement. Bush has also

_____

[*] The Government has not sought to invoke Bush's waiver of appellate rights against him.

2

filed a pro se supplemental brief, in which he raises a number of issues. Finding no error, we affirm.

Bush argues that a violation of N.C.G.S. § 20-141.5 does not constitute a crime of violence for purposes of USSG § 4B1.1. Pursuant to USSG § 4B1.1, a defendant is subject to a Career Offender enhancement if: (i) the defendant was at least eighteen years of age at the time of the offense of conviction; (ii) the offense of conviction is a felony crime of violence or a controlled substance offense; and (iii) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. A crime of violence is a state or federal offense punishable by imprisonment for a term exceeding one year that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a). Bush argues that Speeding to Elude Arrest does not fall within the "otherwise" prong of USSG § 4B1.2.

A violation of N.C.G.S. § 20-141.5 involves purposeful, violent, and aggressive conduct such that Speeding to Elude Arrest is a violent felony for purposes of USSG § 4B1.2. United States v. Owens, 2010 WL 23163, *3 (4th Cir.

3

2010) (unpublished).  Accordingly, Bush's argument is without merit.

Bush has also filed a pro se supplemental brief in which he raises a litany of alleged errors.  We have reviewed Bush's pro se supplemental brief and find the asserted errors without merit.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore deny Bush's motion to compel production of documents, deny his motion for appointment of counsel, and affirm Bush's conviction and sentence.  This court requires that counsel inform Bush, in writing, of the right to petition the Supreme Court of the United States for further review.  If Bush requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bush.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>